## Robison, Appellant, v. Alpern.

*Landlord and tenant—Lease—Repairs.*

A lease provided "that tenant will pay for all necessary repairs as marked out above, except where building or any part thereof is condemned through dangerous walls, or wall becoming so through any accident." A portion of the wall was condemned by the building inspectors, and the landlord refused to make the repairs. The tenant having refused to pay, the landlord entered judgment on the warrant of attorney as for breach of contract to pay rent. The court below opened the judgment on a petition averring that the clause was inserted to meet such contingency by providing for the making of such repairs by the landlord and that there was a verbal understanding to this effect. The order of the lower court was affirmed by an equally divided court.

Argued Oct. 29, 1909. Appeal, No. 116, Oct. T., 1909, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1909, No. 934, making absolute rule to open judgment in case of William Robison v. Bennett Alpern. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to open judgment.

FRAZER, P. J., filed the following opinion:

The judgment in ejectment was entered in this case upon a warrant of attorney contained in a lease for the premises in controversy, made by plaintiff's predecessor in title to defendant, the term having four years and two months to run, the judgment being entered upon defendant's failing to pay the rent due for the month of March. The petition to open the judgment sets up a verbal understanding between lessor

and lessee, had at the time of executing the lease and explanatory of a clause relating to the making of repairs. The clause referred to provides that all necessary repairs shall be paid for by the tenant, "except where building or any part thereof is condemned through dangerous walls, or wall becoming so through any accident." This language, defendant in his petition says, was inserted to meet the contingency which has arisen, namely, the condemning of a portion of the walls of the building by the building inspector of the city of Pittsburg, and provide for the making of such repairs by the owner at his expense. The clause, it seems to us, would so indicate. If the owner was not to make the repairs to the walls why except them from the repairs to be made by the tenant? The averments of the petition not being denied by plaintiff, we are of opinion they are sufficient under the circumstances in this case to warrant us in opening the judgment.

And now, April 6, 1909, rule absolute. .

*Error assigned* was the order of the court.

*S. S. Robertson,* for appellant.

*Charles H. Sachs,* with him *Benj. L. Hirshfield,* for appellee.

PER CURIAM, January 3, 1910:
The judgment is affirmed by a divided court.